# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | | |
|---|---|---|
| **RAYSHAN WATLEY, (347-921)** | : | **CASE NO. C1-01-739** |
| | : | |
| **Plaintiff,** | : | |
| V | : | **Judge Dlott** |
| | : | **Magistrate Judge Sherman** |
| **MONA PARKS, et al.** | : | |
| | : | |
| **Defendants.** | : | |

## DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Come now Defendants by and through counsel and, pursuant to Fed. R. Civ. P. 56 move the Court to grant summary judgment in this case. As there are no issues of material fact, summary judgment should be granted as a matter of law. The reasons are stated in the attached Memorandum.

Respectfully submitted,

JIM PETRO
Attorney General of Ohio

s/ MARIANNE PRESSMAN
MARIANNE PRESSMAN (0059512)
Assistant Attorney General
Corrections Litigation Section
1600 Carew Tower, 441 Vine Street
Cincinnati, Ohio 45202-2809
(513) 852-3497
E-Mail: mpressman@ag.state.oh.us

**MEMORANDUM**

I. **INTRODUCTION**

Plaintiff, an inmate incarcerated at Southern Ohio Correctional Facility (SOCF), filed this action *pro se* on October 10, 2001.  Plaintiff alleges that various medical providers at SOCF have been deliberately indifferent to his medical needs.  He raises two issues:

   1. Plaintiff swallowed a razorblade in November 29, 2000.  He alleges that the Defendants failed to provide him with medical care relating to this condition.

   2. Plaintiff alleges that he has been denied medical care with respect to nerve damage to his lower back and pain in his arm.

The Defendants, all employed at SOCF, are Mona Parks, Health Care Administrator, Dr. Peter Obregon, current Medical Director, Caroline Reeder, a registered nurse, and Dr. Nzfogu, the interim medical director before Dr. Obregon.  Plaintiff alleges that the Defendants violated his Eighth Amendment rights.  He is seeking permanent injunctive relief to be treated for his lower back problem and to receive prescribed pain medication.  He also seeks to receive compensation for failure to treat him for the razorblade in his stomach.  He seeks compensatory damages of $50,000.00 from each Defendant and punitive damages of $50,000.00 from each Defendant.  Since Plaintiff's medical records clearly demonstrate he has received more than adequate treatment, there are no issues of material fact and this case should be dismissed as a matter of law.

II.  **FACTS**

Plaintiff has been incarcerated at SOCF since August, 1999. Due to his behavior, he has been held in a segregation cell since arriving at SOCF. During his incarceration, he has been a frequent filer of lawsuits both in Federal and in State Court. Court records indicate that he has filed at least 10 lawsuits in Federal Court within the last year. In addition, he has filed lawsuits in Common Pleas Court and in the Court of Claims. To date, all of his lawsuits have been dismissed without going to trial. Plaintiff currently has four cases pending, two in Federal Court and two in State Court. As it relates to the case at bar, Plaintiff alleges that the Defendants have failed to provide him appropriate medical care. The medical records tell a very different story.

On November 29, 2000, Plaintiff swallowed a razorblade. A few weeks prior to that, he claimed that he swallowed 10 Naprosin and 5 Motrin, both pain medications, and a handful of staples. The doctor ordered a gastric emptying to remove all particles. The psychiatric department was also notified. (Ex. A). On November 29, 2000, Plaintiff stated that he had swallowed a razorblade. An x-ray was ordered "STAT". (Ex. B). The physical findings noted that he had 100% oxygen input, his respiration was unlabored and that no cuts or blood in his mouth were found. He was moved to a cell in the infirmary where he could be kept under observation. Thereafter, a series of x-rays were taken periodically to monitor the location of the razorblade. (Ex. C). Eight months later, on August 27, 2001, a final x-ray indicated that the razorblade had passed.

Plaintiff also claims that he has not received medical care for an alleged "permanent nerve damage" in his lower back. He also claims he has nerve damage in

his left elbow.  He also complains that a pain medication that was ordered by the CMC doctor was denied to him by Dr. Nzfogu.  He claims "the defendants have no treatment plan to treat Mr. Watley's nerve damage in his back which is requiring Mr. Watley to repeatedly request treatment even though Defendants Reeder and Parks had actual and constructive knowledge of his continuing medical problem."  He claims that they refused to refer him to the doctor.  These claims are totally without merit.  Between November 29, 2000, and August 15, 2002, there were 44 doctor's orders written for Plaintiff.  15 were written by Defendant, Dr. Obregon.  (Ex. D).  Plaintiff was also seen numerous times at nurses' sick call, sometimes by Defendant Nurse Reeder.  Furthermore, a listing of Plaintiff's medical appointments at the Corrections Medical Center indicate that, since December, 1999, he has been transported from SOCF to the hand clinic, to dermatology, to orthopedics, to physical therapy, to radiology, and the pain center on numerous occasions.  (Ex. E).  He has had two MRI's, epidural injections to relieve the pain in his back, an elbow pad for his elbow complaint, and he has received a wrist brace with support.  The MRI done in August, 2001, showed a small disc protrusion.  Epidural injections were given for this.  (Ex. F).  A repeat MRI was done on July 31, 2002.  (*Id*)  Plaintiff's movement sheet indicates that he has gone to CMC for some type of medical round trip no less than 27 times since he has been at SOCF.  (Ex. G).  The most recent consultation for the back and arm pains are contained in a letter of April 25, 2003.  (Ex. H).

**III.    STANDARD FOR MOTION FOR SUMMARY JUDGMENT**

Summary judgment is proper if no genuine issue exists as to any material fact and the moving party is entitled to judgment as a matter of law.  *Maiden v. Johnson*,

1999 U.S. LEXIS 13300 (6th Cir. June 10, 1999), citing *Davis v. Sodexho Cumberland College Cafeteria*, 157 F.3d 460, 462 (6th Cir. 1998). The moving party has the burden of showing an absence of evidence to support the non-moving party's case. *Id.* citing *EEOC v. Prevo's Family Mkt., Inc.*, 135 F.3d 1089, 1093 (6th Cir. 1998). Once the moving party has met its burden of production, the non-moving party cannot rest on its pleadings, but must present <u>significant probative evidence</u> in support of the complaint to defeat the motion for summary judgment. *Hall v. Tollett*, 128 F.3d 418, 422 (6th Cir. 1997)(emphasis added). "The mere existence of a scintilla of evidence to support the Plaintiff's position will be insufficient; rather, evidence must exist on which the jury can reasonably find in favor of the Plaintiff." See *Anderson v. Liberty Lobby*, 477 U.S. 242 (1986). In *Anderson*, the Supreme Court noted that a Plaintiff could not defeat a properly supported summary judgment motion without offering "any significant probative evidence tending to support the complaint." 477 U.S. at 257. The "mere possibility" of a factual dispute is not enough. *Greg v. Allen-Bradley Co.*, 801 F.2d 859, 863 (6th Cir. 1986). In order to defeat summary judgment, a Plaintiff must come forward with more persuasive evidence to support his claim than would otherwise be necessary. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, p. 475 U.S. 574 (1986). "Where the defendant demonstrates that after a reasonable period of discovery the Plaintiff is unable to produce sufficient evidence beyond the bare allegations of the complaint to support an essential element of his or her case, summary judgment should be granted." *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). In the case at bar, Plaintiff has provided no evidence to support his claim.

### IV. LEGAL ARGUMENT

#### A. No valid Eighth Amendment Claim Against the Defendants

Plaintiff brings several medical claims in this lawsuit. He claims that he was not given appropriate treatment for the razorblade that he ingested and he claims that he has not been receiving proper treatment for his back and arm pains. He claims an Eighth Amendment violation.

In *Estelle v. Gamble*, 429 U.S. 97 (1976), the Supreme Court held that the Eighth Amendment is violated when prison officials are deliberately indifferent to the serious medical needs of prisoners. See also *Hicks v. Frey*, 992 F.2d 1450,1454-1455 (6th Cir. 1993); *Weeks v. Chaboudy*, 984 F.2d 185, 187 (6th Cir. 1993). The *Estelle* Court explained:

> Deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain, proscribed by the Eighth Amendment. This is true whether the indifference is manifested by prison doctors in their response to the prisoners' needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed.

429 U.S. at 104-105.

Deliberate indifference must amount to more than mere negligence or even gross negligence *Gazette v. City of Pontiac*, 41 F.3d 1061 (6th Cir. 1994) (Gross negligence is not actionable under §1983, because it is not arbitrary in the constitutional sense), citing *Lewellen v. Metropolitan Gov't of Nashville*, 34 F.3d, 345,351 (6th Cir. 1994)  See also *Estelle*, 429 U.S at 106.

To prevail in an Eighth Amendment conditions of confinement case, both an objective and a subjective element must be satisfied. It must be shown that:

6

    1.    The alleged deprivation is, "objectively sufficiently serious" resulting in "the denial of the minimal civilized measure of life's necessities," and

    2.    That the prison officials were deliberately indifferent to "an excessive risk to inmate health or safety," meaning that the officials actually knew of and disregarded the risk.

*Farmer* at 834 (internal quotation marks and citations omitted).

### 1. **Objective Element**

The Eighth Amendment imposes a duty on prison officials to "provide humane conditions of confinement; prison officials must ensure that inmates receive adequate food, clothing, shelter and medical care and must take "reasonable measures to guarantee the safety of the inmate." *Farmer* at 832. It is undisputed that medical care was provided to Plaintiff. He was seen numerous times at the institution and was sent to Corrections Medical Center and Ohio State Medical Center on many occasions. The razorblade issue was monitored. According to the ODRC Medical Director, Dr. Obregon treated it appropriately. (Martin Aff. Ex. I). The razorblade caused no injury. With no symptoms, surgery was not indicated. Monitoring was the appropriate treatment until the object passed.

### 2. **Subjective Element**

The subjective element of an Eighth Amendment claim requires a showing that the prison official acted with a "sufficiently culpable state of mind". *Wilson v. Seiter*, 401 U.S. 294 U.S. at 298 (1991). A successful Eighth Amendment claim must entail conduct which is characterized by "obduracy and wantonness". (*Id*) "Only the unnecessary and wanton infliction of pain constitutes cruel and unusual punishment forbidden by the Eighth Amendment." *Whitley v. Albers*, 475 U.S. 312, 319 (1986). Consequently, any inhumane conditions of confinement must also involve intent in order

7

to stand as an Eighth Amendment claim. *Wilson*, at 301. "A prison official must have a sufficiently culpable state of mind." That state of mind is one of "deliberate indifference" to inmate health or safety. *Farmer,* at 834, quoting *Wilson,* at 296, 303. The Court in *Farmer* held:

> A prison official cannot be found liable under the Eighth Amendment for denying an inmate inhumane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference… An official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot under our cases be condemned as the infliction of punishment.

Defendants can establish that they were anything but deliberately indifferent. Each medical complaint was fully treated. Contrary to Plaintiff's claim, he received prescription pain medication. When one caused side effects, another was substituted. (See Ex. G letter).

**V.    CONCLUSION**

Plaintiff claims Defendants failed to provide him medical care. The various records, kept by the institution and other facilities belie this claim. He was provided medical care appropriately and often. Therefore, this case should be dismissed as a matter of law.

Respectfully submitted,

JIM PETRO
Attorney General of Ohio


s/ MARIANNE PRESSMAN
MARIANNE PRESSMAN (0059512)
Assistant Attorney General
Corrections Litigation Section
1600 Carew Tower, 441 Vine Street
Cincinnati, Ohio 45202-2809
(513) 852-3497
E-Mail:  mpressman@ag.state.oh.us


## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing was forwarded to Plaintiff, inmate Rayshan Watley, #347-921, at Southern Ohio Correctional Facility, P.O. Box 45699, Lucasville, Ohio 45699 by regular U.S. mail this      day of September, 2003.


s/ MARIANNE PRESSMAN
MARIANNE PRESSMAN (0059512)
Assistant Attorney General
Corrections Litigation Section
1600 Carew Tower, 441 Vine Street
Cincinnati, Ohio 45202-2809
(513) 852-3497
E-Mail:  mpressman@ag.state.oh.us

9