UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Rayshon Watley,                                                         Case No. C-1-01-739
    Plaintiff

vs

Mona Parks, et al.,                                       **ORDER**
    Defendants                                       (Dlott, J.; Novotny, M.J.)

      Plaintiff, an inmate at the Southern Ohio Correctional Facility (SOCF), brings this prisoner civil rights action under 42 U.S.C. § 1983. This matter is before the Court on plaintiff's motion for reconsideration of the Court's Order of March 13, 2003 denying plaintiff's motion to compel discovery (Doc. 29); plaintiff's motion to compel discovery (Doc. 30); and plaintiff's motion to strike defendants' motion for summary judgment (Doc. 36), defendants' response thereto (Doc. 37), and plaintiff's reply memorandum. (Doc. 38).

      On March 13, 2003, the Court denied plaintiff's motion to compel discovery based on plaintiff's failure to file a certification and/or affidavit setting forth the extrajudicial means pursued to resolve the discovery matter pursuant to Fed. R. Civ. P. 37(a)(2)(B) and S.D. Ohio Civ. R. 37.2. (Doc. 25). Plaintiff seeks reconsideration of that Order, arguing that he submitted evidence showing he attempted to resolve the discovery issues without Court intervention and should not have to file an additional affidavit in support of his motion. (Doc. 29). Even though plaintiff is a pro se litigant, he is bound by the same procedural rules as all parties before this Court. The requirements that plaintiff include a certification and affidavit showing exhaustion of extrajudicial means is neither complicated nor onerous. In fact, plaintiff has done precisely that in his subsequent motion to compel discovery filed with the Court. See Doc. 30. Therefore, plaintiff's motion for reconsideration is without merit and **DENIED**.

      Plaintiff's motion to compel discovery seeks: (1) a copy of his medical file from August 2000 through the present, including reports from the Corrections Medical Center; (2) all informal complaints, grievances, and appeals, and responses thereto by prison officials, concerning his ingestion of a razor blade and denial of medical treatment; (3) all x-rays concerning the ingestion of a razor blade; and (4) sick call

sign-up sheets for plaintiff from August 2000 through the present. (Doc. 30). Defendants have not filed a response to plaintiff's motion to compel. However, defendants filed a motion for summary judgment on September 8, 2003, which includes numerous documents from plaintiff's medical file. (Docs. 31, 32). To the extent that plaintiff seeks additional documents, he is hereby **ORDERED** to submit a statement to the Court identifying such documents within **twenty (20) days** of the date of this Order. Defendants are **ORDERED** to respond to such request within **twenty (20) days** of receipt thereof. The Court shall stay its ruling on plaintiff's motion to compel until receipt of this information.

Plaintiff's motion to strike defendants' motion for summary judgment (Doc. 36) is **DENIED**. Plaintiff admits that he received defendants' motion for summary judgment, albeit after he received the notice of manual filing of the exhibits thereto. Plaintiff has not been prejudiced in any way by the alleged delay in receiving the motion. However, the Court shall **GRANT** plaintiff's request to stay its ruling on defendants' motion for summary judgment pending the resolution of plaintiff's motion to compel discovery.

In sum, plaintiff's motion for reconsideration of the Court's Order of March 13, 2003 denying plaintiff's motion to compel discovery (Doc. 29) is **DENIED**. Plaintiff's motion to compel discovery (Doc. 30) is held in abeyance pending the parties' responses to the Court's Order. Plaintiff's motion to strike defendants' motion for summary judgment (Doc. 36) is **DENIED**. Plaintiff's request for a stay of the ruling on defendants' motion for summary judgment pending resolution of the motion to compel is **GRANTED**.

**IT IS SO ORDERED**.

Date:  12/15/2003                         s/Susan M. Novotny
                                          Susan M. Novotny
                                          United States Magistrate Judge

J:\KLL\01-739strike.wpd