United States District
Court Western Division

FILED
JAMES BONINI
CLERK

2004 MAR -5 PM 1: 12    No CI-01-739

U.S. DISTRICT COURT
SOUTHERN DIST OHIO
WEST DIV CINCINNATI

Rayshaw Watley
vs
Nona Parks Etal

Plaintiff Respons to defendants motion for summary
Judgement

Defendants assert that Watley was not denied medical
attention and attach several medical documents to
support its motion. but after Watley Reviewing all
the medical documents attached to defendents motion
its only one set of documents that pertains to the
assertions in Watleys complaint and that
is the x-Rays of the Razor being in Watleys
stomach the other documents have no Bearing on Watleys
complaint

Plaintiff is Requesting that this court focus its
attention on the dates of the alleged treatment and
denial of treatment and allegations of Watleys complaint

in Watley complaint he states he was denied treatment
for his Back from September 2000 to April 2001

He was denied prescribed medication from the specialist
at the correctional medical center By Dr NZEOGU and
He first elbow which was order By specialist a C.M.C

Watley Never Received any treatment for the
Razor Being in his stomach

and defendants Refused to let Watley see the doctor
about his problems

On November 29, 2000 plaintiff ingested a razor blade. defendants assert plaintiff was placed in the infirmary until august 27. when a final x-ray indicated the razor had passed

plaintiff was held in the infirmary from november 29, 2000 until December 19, 2000 at wich shot time watley was order out the infirmary and placed in a segregation block unable to Be observed and unable to Recieve treatment for the razor Being in stomach. and while watley stay in the infirmary watley used the restroom and found Blood in his stool Nothing was. Also on 11-29-00 watley spit up Blood and showed it to defendant parks wich she stated to watley whot do you think going to happen when you swallow a razor and left watley. doors. the only Reply watley got about the Blood Being in his stool was that Im a patient in the infirmary (see) exhisit (1)

for 8 months watley was not in the care of medical staff with the razor in his stomach and not Being observated By medical staff even tho medical staff had knowledge of watley spitting up Blood and having Blood in his stool But took no actions to Correct this problem But placed watley Back into segregation until the razor had passed

the one piece of evidence the defendents did not submit to this court was evidence that watley was in the infirmary Being manitored for the 8 months the razor was in his stomach Because watley was not Being manitored the documents submited does not even indicate a daily log of the process of the razor their was only x-Rays taken two and 3 months apart only after watley

indicated he was having stomach pains

~~violation were stomach to defendants~~

Defendants were deliberate indifferent to watleys need
defendants knew the Razor was in, watleys stomach
But paitentley worted to see if the Razor ~~was~~ damaged
watley Before they would take ~~acts~~ actions to get
the Razor Removed and the fact that watley did not
Recieve injury while the Blade was in his stomach
does not exclude defendants from an eight amendment
violation. this court held in PARRISH v JOHNSON 800 F2d
600, 610 (6th CIR 1986) that an actual injury is not a
necessary predicate to ~~the~~ Recieving damages for
an eighth amendment violation or (see) BORETTI v WISCOMb
930 F.2d 1150 (6th CIR 1991) theatment prisoner Recieve
in prisons and ~~treatment~~ Conditions under which he is
confined are subject to scrutiny under the 8th amendment
FARMER 511 U.S. 825 Requirment that PRISON officials
Show deliberate indifference to prisoners in order to
Be liable for failure to prevent is satified By Something
less than acts or omissions for very purpose of causing
harm or with knowledge that harm will Result
(see) FARMER vs BRENNON 114 S.ct 1970 (1994)

Defendants admitted they had knowledge of the Razor
Being in watleys stomach But took no actions to
get it Removed. the Blade stayed in watleys stomach
for 8 months after a couple of months of the
Razor still Being present and several complaints of
pain medical would take some action to get it
Removed. if the Razor wouldnt have have passed
watley would still have in his system and nothing still
would Be done about it, so plaintiff had to sit with
Stomach pain and ~~a~~ fear that he might Recieve internal
Bleeding and ~~die~~ die ~~in~~ in his sleep for 8 months

It is clear threw the dates of the X Rays that defendants was not monitoring watleys medical condition.

The first X-Ray was taken 11-29-00 which showed the Razor then another X Ray 12-4-2000 and 12-26-00

Watley did not Receive another X-Ray until 5-10-01 five months later and the X-Ray was not taken to monitor the Razor Blade, the X-Ray was taken for watleys "spine" a problem watley has with his Back and during that X-Ray the Razor Blade was seen again (see) exhibit (2) defendants stoped monitoring the Blade being in watley stomach for five months

when the X-Ray was purposley took to monitor watley stomach the X-Ray held "ABDOMEN FLAT" up in the Top left hand corner (see) exhia 3 and 4

when the X Ray was taken of watleys spine it held "LUMBAR SPINE" in the top left hand CORNER (see) exhibit (2)

And after defendants found the Razor Blade still in watley stomach from the 5-10-01 5-31-01 X Ray defendant did not monitor watley again until 3 months later until 8-27-01 (see) exhibit (5)

If watley would not have had the X-Ray done of his spine defendants would not have monitored watleys medical condition at all

the allegation that defendants made that watley
medical condition was being closley manitored are
false the dates of the X Rays and the Reason
why the X Rays where taken shows other wise

Mr. Watley has Been having low Back pain and numbness
to his left leg since 1999 in which comes from a disc prothusion (see) exhibit (6)

in the year of 2000 Mr Watley Back problems
got worse and defendents would Refuse watley
treatment for his Back for 8 months from
September 2000 until April 2001.

Mr Watley only Recieved treatment when the Chief
inspector oder an investigation Because it was not
clear that watley was Recieving treatment for
his Back (see) exhibit (7) and the investigation
proved watley was not Recieving treatment
for his Back for 8 months and defendents was ordered
to treat watlers problem, if the chief inspector would
not have ordered treatment watley would not have
Recieved treatment

Defendents would even deme watley to sign up for
sick call wich is the procedure inmates
have to go threw to Recieve medical care and the
Chief inspector ordered that defendents connot
deme me medical care (see) exhibit (8)

It is clear that Watley was not Recieving treatment and that Watley did not start Recieving treatment until the chief inspector ordered defendants to treat Watley and tell them they cannot deny Watley medical care (see) exh (7) and (8)

Mr Watley also have nerve damage in his left arm which Required surgery Watley was scheduled for surgery on ~~so~~ ~~doctor~~ ~~watley~~ ~~the surgery~~ 5-24-01 which defendants was denying plaintiff to have done first defendants assert the surgon who was to perform my surgery had an ~~had~~ "heart attack. ~~and is the surge to see to the surgeon~~ ~~the was supposed to do my sur~~ (see) exhibit (9) which is false Watley personally talked to the doctor who supposed to perform the surgery and he states socf Refused to Bring me to have the surgery done. then when Watley complains of the matter again they state they ~~do~~ dont know why I have not had the surgery done (see) exhibit ~~(10~~ (10) It is the defendants duty to make sure Watley Recieved medical care ~~surge~~ ~~surge~~

Watley did not ~~to~~ Recieve the surgery done until 15 months later in August of 2002

once defendants was ordered to treat Watley defendants would send Watley to the correctional medical center (c.m.c) Because defendants could not ~~treat~~ treat Watleys problem. when the specialist would order Watley treatment the defendants would deny Watley the medication to treat Watleys problem (see) exh 11, 12, 13, 14, 15

Defendant send Watley to the specialist Because they cannot treat Watleys problem then ~~the~~ the defendants deny Watley the treatment

Defendants have no treatment plan to treat watleys
problems watley is waiting to see the doctor about back
pain now

Defendants conduct amounts to deliberate
Indifference

Plaintiff must show that defendants were deliberately
indifferent to an excessive Risk to inmates health
or safety meaning that the officals actually knew
of and disregard the Risk. former of 834

Mr watley has satified this test. defendants
knew of the Razor Being in watleys stomach and
the excessive Risk of injury the Razor could cause
But let the Razor sit in watleys stomach for 8
months without any thing Being done. and the only
Respon to the denial of treatment was watleys
was Being monitored But the dates of the x-Ray shows
otters. its only obvious what type of damage would
to to a person shaving let alone to soft tissue of
the stomach

Defendants further denied watley medical treatment
for 8 months for his Back problem only after the
orders from the chief inspector to treat watley
did watley Began to Recieve treatment. then once
watley was sent to Cmc to Recieve
treatment defendants would deny watley of that
treatment and medication

intentionally interfering with treatment once
prescribed is one of the forms of deliberate indifference
Estelle v gamble 429 v.s at 165

Many courts have held that failing or refusing to provide medication prescribed by physicians constitute deliberate indifference. Aswegan v Buhl 965 F.2d 676 677-78 (8th Cir 1992) Hill v Marshall 962 F.2d 1209 1213-14 (6th Cir 1992) Johnson v Hay 931 F.2d 456 461-62 (8th Cir 1991) Borretti v Wiscomb 930 F.2d 1150, 1156 (6th Cir 1991) Johnson v Hardin County KY 908 F.2d 1280, 1284 (6th Cir 1990) Ellis v Butler 890 F.2d 1001, 1003-04 (8th Cir 1989)

Defendants would repeatedly claim watley prescribed watley medication that was ordered by specialist at Cimic alleging those orders are only recomendations. But how can the specialist orders be recomendation when defendants sent watley to the specialist because defendants could not treat watleys problem

Defendants further denied watley surgery for his left arm for 15 months

Defendants actions was nothing but deliberate indifference to watleys medical need they had to be order by the chief inspector to treat watley for these reasons defendants motion should be denied

Ralph Watley

Copy of the forgoing was sent to Mathew Plessner at 1600 Carew tower 441 vine st Cincinnati ohio 45202 by regular us mail on this 1st day of May 2004

Ralph Watley