In the United States
District Court Western
Division

Royshon Watley

vs

Mona Parks Et Al

FILED
JAMES BONINI
CLERK

2004 MAR 29 PM 1:27

U.S. DISTRICT COURT
SOUTHERN DIST OHIO
WEST-DIV CINCINNATI

No 1:01CV739
DLOTT

Now comes plaintiff Royshon Watley making his objections to magistrates Perelman Report and Recomendation

Plaintiff Request that District Judge Dlott denies the magistrate Perelman Report and Recomendation the reason are set forth in the attached memorandum

The magistrate asserts that defendants motion should be granted because defendants present evidence relevant to plaintiff claims that he was denied medical care for nerve damage for lower back and left elbow. The magistrate assert that from November 29, 2000 and August 15, 2002 there were 44 doctors orders written for Wotley.

While the record shows there was orders written for plaintiff. The record also shows none of the order that was written for Wotleys back or elbow nor does the magistrate alleges or states that any of those 44 order was ordered for Wotleys back or elbow.

The magistrate then goes to note that Wotley recieved an epidural injection and an elbow splint and prescription medication there was orders for the Brace but defendants denied Wotley this Brace as alleged in his complaint. Mr. Wotley did not recieve the epidural injection until after the chief inspector ordered defendants to treat Wotley

The magistrate does not even refer to Watley's evidence where the chief inspector ordered defendants to treat Watley for his back because he was being denied treatment or when the defendant was ordered to allow me to sign up for sick call because Watley was being denied to sign up for sick call

The treatment Watley received didnt occur until the defendants was ordered to treat Watley. The magistrate does not even mention the time for when Watley didnt receive treatment and the 44 orders none of those orders was ordered for Watley's elbow or back and theirs no evidence showing they did to where

The magistrate also states that the pain medication that Watley was denied was so denied that the specialist at C.M.C. order was changed. defendants sent Watley to see the specialist because they could not treat Watley's problems then they change the medication. Courts have held that interfering with treatment constituted deliberate indifference (see) Estell v Gamble 429 US at 105 Aswegan v Bruhl 965 F2d 676

677-78 (8th Cir 1992)

The magistrate also notes that plaintiff was monitored while the razor was in his system. If the magistrate would have looked at the dates of the x-rays and look at what the x-rays was taken for he would have seen that defendants did not monitor Watley while the razor was in his system. The defendants was waiting until Watley was injured until they took any action

Plaintiff was also denied discovery which ultimately prevented Watley from present more evidence. Courts have held that summary judgement should not be granted when plaintiff has been denied discovery (see) Musek v Gehring Oho App 11 Dist. 2002 Celotex Corp vs Cottrett 477 US 317 (1986)

For these reason the plaintiff makes his objection

Ralph Watley

Copy of the foregoing was sent to Milton Plessner of 1600 Carew Tower 441 Vine St Cincinnati OH 45202 B'on this 22nd day of March 2004

*Royston West*